O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. FINFR 1001771, | Case No. 2:12-cv-00824-ODW (JCx) |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS [12]** |
| v. | |
| COMMONWEALTH INTERNATIONAL, INC., | |
| Defendant. | |

## I.   INTRODUCTION

Pending before the Court is Defendant Commonwealth International, Inc.'s Motion to Dismiss Plaintiffs Certain Underwriters at Lloyd's of London's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(1).  (Dkt. No. 12.)  Having carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

Commonwealth runs an armored-car business and obtained an insurance policy from Lloyd's to cover its business operations.  (FAC ¶¶ 9–11.)  Lloyd's alleges that Commonwealth misrepresented the nature of its operations.   (FAC  ¶ 1.) Commonwealth seeks a dismissal based on lack of diversity jurisdiction.  Central to this Motion is understanding Lloyd's organizational structure.

Lloyd's functions as a marketplace where investors buy and sell insurance risks. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010). These investors—also known as names—underwrite insurance through administrative subgroups called syndicates, which are analogous to an unincorporated association. *Id.* Each name is severally, but not jointly, liable to the insured for its fraction of the risk on a given policy. *Id.* The constituent names assume individual percentages of underwriting the risk. *Id.* Commonwealth contends that diversity jurisdiction is insufficiently pleaded for each of the names on the policy; and so, the Court lacks subject-matter jurisdiction and must dismiss the case.

### III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiffs bear the burden of establishing jurisdiction. *Id.* If the court lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

For a federal court to exercise diversity jurisdiction, there must be complete diversity between the parties; and the amount in controversy—exclusive of interest and costs—must exceed $75,000. 28 U.S.C. § 1332(a). Under the legal-certainty standard, a federal court has subject-matter jurisdiction unless "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

On a motion to dismiss for lack of subject-matter jurisdiction, the well-pleaded facts alleged in the complaint are taken as true. *Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1127 (9th Cir. 2002). And the court is not restricted to the face of the pleadings—the court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

# IV.   DISCUSSION

Lloyd's contends that the Court has subject-matter jurisdiction over this action because (1) there is complete diversity of citizenship, and (2) the amount in controversy exceeds $75,000.   (FAC ¶ 6.)   Commonwealth argues that both citizenship and the amount in controversy are insufficiently pleaded.   The Court considers each in turn.

## A.   Complete diversity of citizenship

There are seven corporate entities that compose the four syndicates subscribing to the Commonwealth policy.   (FAC ¶ 4.)   The citizenship of each of these seven entities must be considered for purposes of diversity jurisdiction.   *Majestic Ins. Co. v. Allianz Int'l Ins. Co.*, 133 F. Supp. 2d 1218, 1223 (N.D. Cal. 2001).   Lloyd's alleges that each of the seven entities is incorporated under the laws of England and Wales and has its principal place of business in London, England.   (FAC ¶ 4.)

Commonwealth claims that Lloyd's omitted names from its pleading.   That is, there are more names—other than the seven identified corporate entities—that subscribe to the policy.   (Mot. 7–8.)   Because of this omission, Commonwealth contends that diversity is inadequately pleaded.   In response, Lloyd's asserts that only these seven names subscribe to the policy.   (Opp'n 4–5.)

Although Lloyd's bears the burden of establishing jurisdiction, Commonwealth provides no real evidence showing that Lloyd's has not met this burden.   In the absence of contrary evidence, the court must construe Lloyd's pleadings as true.   Thus, the Court finds that there is complete diversity of citizenship.

## B.   Amount in controversy

Under the Commonwealth policy, the liability of each of the seven entities is several and not joint.   (FAC Ex. A at 22.)   Therefore, the amount-in-controversy requirement must be met for each entity.   *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 933 (2nd Cir. 1998).

/ / /

Here, the Commonwealth policy is evenly split among the four subscribing syndicates—25% to each.  (FAC Ex. A at 22.)  Commonwealth's insurance claims total $3,688,150, or $922,038 per syndicate.  (FAC ¶ 24).  In a declaratory-relief action where the applicability of liability coverage to particular incidents is at issue, the amount in controversy is the value of the insurance claim, and not the face value of the policy.  *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997).

Two of the four subscribing syndicates have only one name each—thus, the amount in controversy is $922,038 for each of these two names.  (FAC ¶ 4.) Syndicate 1084 has two names, and Syndicate 2488 has three names.  Because syndicate members are liable according to their proportional participation, there exists a remote possibility that one of these entities fails to meet the amount-in-controversy requirement.  For example, if the two entities of Syndicate 1084 participate under a 1%–99% arrangement, then the entity responsible for 1%—or $9,220—will not satisfy the $75,000 jurisdictional threshold.

Lloyd's does not specify the participation proportion for these five entities. Although possible—albeit improbable—Commonwealth has not proven to a legal certainty that any of these entities are actually liable for an amount less than $75,000. Accordingly, the Court finds that the amount in controversy as to all seven entities is satisfied.

## V.   CONCLUSION

For the reasons discussed above, Commonwealth's Motion is **DENIED**.


**IT IS SO ORDERED.**


June 19, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

4